EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Hon. Mirinda Vicenty Nazario<br>Hon. Berta Mainardi Peralta<br>Juezas Superiores | 2006 TSPR 151<br><br>169 DPR ____ |

Número del Caso: AD-2004-3  (B)
                 AD-2004-3  (C)

Fecha: 13 de octubre de 2006

Oficina de Administración de los Tribunales:

                        Lcda. Nilsa Luz García Cabrera

Abogados de la Hon. Mirinda Vicenty Nazario:

                        Lcdo. Carlos R. Ríos Gautier
                        Lcda. Elisa Bobonis Lang

Abogado de la Hon. Berta Mainardi Peralta:

                        Lcdo. Juan R. Acevedo Cruz

 Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

*In re*

| | | |
|---|---|---|
| *Hon. Mirinda Vicenty Nazario* | *AD-2004-3(B)* | *Conducta* |
| *Hon. Berta Mainardi Peralta* | *AD-2004-3(C)* | *Profesional* |
| *Juezas Superiores* | | |

*PER CURIAM*

San Juan, Puerto Rico, a 13 de octubre de 2006.

## I.

La Oficina de Administración de los Tribunales, (en adelante OAT) imputó a las Juezas Mirinda Vicenty Nazario y Berta Mainardi Peralta varios cargos disciplinarios por violar los Cánones de Ética Judicial. La mayoría de las violaciones éticas imputadas se originan en el contexto del trámite del caso Departamento de la Familia vs. Irina Smith, FMM2002-091, un proceso judicial que adquirió notoriedad en nuestro país.

Por estar estrechamente relacionados entre sí, en la presente Opinión Per Curiam consideramos exclusivamente los cargos imputados

contra ambas juezas relacionados al manejo del caso Departamento de la Familia v. Irina Smith, supra.

Al respecto, contra Vicenty Nazario se imputó, en esencia, haber dado trato preferencial al manejo del expediente judicial de dicho caso para beneficiar a una compañera jueza que tenía interés personal en el resultado y no actuar conforme a la reglamentación administrativa aplicable. De igual modo, se le imputó actuar impropiamente al enviar una carta de recomendación al Departamento de la Familia para expresarse favorablemente sobre las cualificaciones profesionales de su compañera jueza, Hon. Maritza Ramos Mercado, en un procedimiento administrativo en el que se evaluaba la solicitud de ésta para que se certificara su residencia y núcleo familiar como hogar de crianza.

Por su parte, la OAT alegó contra la Jueza Berta Mainardi Peralta que actuó impropiamente al no solicitar autorización para aceptar el traslado del caso Departamento de la Familia v. Irina Smith, supra, a la Región Judicial en la que era Jueza Administradora; haber tenido comunicaciones telefónicas continuas con la Jueza Maritza Ramos Mercado, quien tenía interés personal en el pleito; y realizar varios trámites en dicho caso de modo irregular.

Hemos evaluado detenidamente los cargos que imputó la OAT. También hemos ponderado detenidamente los hechos que determinó probados la Comisión de Disciplina

Judicial, foro responsable de recibir y aquilatar la prueba, así como sus recomendaciones. Éstas, en esencia, consisten en que conforme a la prueba presentada, no procede imponer sanción disciplinaria alguna contra las juezas querelladas por su desempeño en el manejo del referido caso. Los planteamientos de la Comisión de Disciplina Judicial nos persuaden, por lo que acogemos sus recomendaciones en cuanto a los cargos considerados en la presente Opinión.

II.

A.

Contra la Hon. Mirinda Vicenty Nazario se imputaron 11 cargos. Los primeros cinco están relacionados con la forma en que manejó el caso Departamento de la Familia v. Irina Smith, supra.[1] Se aduce, en esencia, que no debió

---

[1] Los cargos relacionados al manejo y trámite del expediente del caso Departamento de la Familia vs. Irina Smith, FMM2002-091 son, en lo pertinente, los siguientes:

PRIMER CARGO

[...].
La Jueza Vicenty Nazario incurrió en conducta en violación de [los Cánones I y XXVI] al permitir, otorgar y favorecer con un trato preferencial el manejo y tramite [sic] judicial del expediente del caso de Departamento de la Familia vs. Irina Smith, FMM2002-091, caso en el cual una compañera Jueza tenía interés personal en su resultado, así como el no identificar, informar y referir dicho asunto a sus superiores inmediatos como lo exigen las Reglas de Administración de los Tribunales.

SEGUNDO CARGO

La Jueza Mirinda Vicenty Nazario incurrió en conducta impropia contraria al Canon V de

_____

los Cánones de Ética Judicial que le impone a los Jueces y a las Juezas de la Rama Judicial el deber de cumplir cuidadosa y diligentemente las obligaciones administrativas que le imponen las leyes y reglamentos aplicables a la Rama Judicial y las instrucciones de la Oficina de la Administración de los Tribunales.

[...]. En este caso la Jueza Mirinda Vicenty Nazario incurrió en conducta impropia en violación de la Regla 16 de las Reglas de Administración al gestionar a escondidas y a espaldas de la Jueza Administradora Regional, Hon. Lirio Bernal Sánchez, el traslado a otra región judicial de su preferencia, del caso de Departamento de la Familia vs. Irina Smith, FMM 2002-0091, caso en el que otra compañera Jueza Maritza Ramos Mercado, tenía interés personal, ya que actuaba como hogar de crianza del menor bajo la custodia del Departamento de la Familia y en ese caso se iba a iniciar la privación de patria potestad y subsiguiente proceso de adopción por la Jueza Ramos Mercado. [...].

TERCER CARGO

La Jueza Mirinda Vicenty Nazario incurrió en conducta impropia contrario al Canon V que establece que todos los jueces y Juezas deberán cumplir cuidadosamente y diligentemente las obligaciones administrativas que le imponen las leyes y reglamentos aplicables a la Rama Judicial.

[...]. Ningún juez puede mediante el mecanismo de las órdenes [sic] internas asignarse un caso perteneciente a otra Sala del Tribunal. [...]. El emitir una orden interna de esa naturaleza tiene le efecto que ninguna de las partes advenga en conocimiento de lo que ha surgido con su caso. La confianza de la sociedad en su sistema de justicia depende del buen funcionamiento del sistema. [...].

CUARTO CARGO

La Jueza Mirinda Vicenty Nazario incurrió en conducta impropia contraria al Canon XII que obliga a todo Juez o Jueza a inhibirse de cualquier procedimiento judicial cuando pueda estar prejuiciado o parcializado hacia cualesquiera de las personas o abogados que intervengan en el pleito, pueda estar directa o

intervenir en dicho caso por estar incapacitada para actuar imparcialmente, y que, al hacerlo, le dio "trato preferencial" por el hecho de que la Jueza Maritza Ramos Mercado, quien era su compañera jueza y amiga, tenía interés personal en el resultado. Sobre este aspecto se alegó que el niño, cuya custodia era objeto de litigación en el referido caso, pernoctaba con la Jueza Ramos Mercado, quien, además, aspiraba a adoptar eventualmente al menor. Se imputó, además, que la intervención de Vicenty Nazario, al asignarse el caso mediante órdenes internas, luego de que el caso fuese archivado, y de

---

indirectamente interesado en el resultado del caso, pueda haber actuando como asesor de cualesquiera de las partes o de sus abogados en la materia en controversia, o por *cualquier otra causa que pueda arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia. [...].*

QUINTO CARGO

La Hon. Mirinda Vicenty Nazario incurrió en conducta impropia contraria a las disposiciones de las Cánones XI y XII al auto asignarse mediante orden interna del 12 de mayo de 2003 su intervención como Jueza en el caso de protección a menores de Departamento de la Familia vs. Irina Smith Romanova, FMM 2002-0091, cuando existía una relación de amistad, profesional y de estrecha colaboración con la Jueza Maritza Ramos Mercado, quien la designo [sic] en el puesto de Coordinadora de las Salas de Relaciones de Familia, designación que es de la confianza del Juez Administrador Regional; quien a su vez es la persona directa[mente] interesada en el resultado del caso, ya que la Jueza Ramos Mercado estaba actuando como hogar de crianza del menor bajo la custodia del Departamento.
[...].

ordenar el traslado a otra región judicial, forman parte

del trato preferencial que brindó al pleito. Finalmente,

los cargos décimo y undécimo, versan sobre una carta de

recomendación que la Jueza Vicenty Nazario envió al

Departamento de la Familia para expresarse favorablemente

sobre Ramos Mercado en un proceso administrativo en el

que se consideraba el hogar de ésta como hogar de

crianza. Se aduce que dicha actuación estuvo reñida con

la prudencia y cuidado que le exigen los Cánones de Ética

Judicial y que representó un uso indebido del prestigio

de su cargo para favorecer a un tercero.[2] Los demás

_____

[2] Al respecto, los cargos formulados, expresan, en parte:

DÉCIMO CARGO

[...].

La Jueza Mirinda Vicenty Nazario hizo uso inadecuado de sus prerrogativas como juez e incurrió en conducta contraria a su función judicial y a los Cánones I y XXVI al emitir una carta de recomendación, en su carácter de Juez Superior para beneficio personal de la Jueza Maritza Ramos Mercado recomendando a ésta favorablemente ante el caso del menor [A.G.]. Con dicha conducta la Juez Vicenty Nazario demostró ser poca [sic] cautelosa, cuidadosa, ni prudente en sus actuaciones y crea la impresión en el público de que actúa a base de motivaciones afectando la confianza pública y la fe del Pueblo en nuestro sistema judicial.

UNDÉCIMO CARGO

La Juez Mirinda Vicenty Nazario incurrió en conducta impropia contraria al Canon XXI que exige a los miembros de la judicatura no utilizar su poder, prestigio y prerrogativas de su cargo para fomentar el éxito de negocios personales o para beneficio personal. [...].

La conducta exhibida por la Jueza Vicenty Nazario al suscribir y firmar una carta de recomendación como Jueza Superior del Tribunal General de Justicia constituye un

cargos imputados contra la jueza Vicente Nazario (cargos sexto, séptimo, octavo y noveno), serán objeto de análisis de forma independiente.[3]

### B.

Por su parte, contra la Jueza Hon. Berta Mainardi Peralta se imputaron 10 cargos, todos relacionados al manejo del caso Departamento de la Familia vs. Irina Smith, Supra. Plantean, en esencia, que incumplió su deber de informar y solicitar autorización para aceptar el traslado de dicho caso a la Región Judicial de Fajardo; que autorizó indebidamente la intervención en el pleito de la Jueza Ramos Mercado y del esposo de ésta; que durante su intervención en dicho caso mantuvo

_____

uso indebido de su posición y la utilización del prestigio de su cargo para fomentar la consecución y aprobación de una solicitud y licenciamiento ante una agencia gubernamental para beneficio personal de un compañero Juez en este caso, la Jueza Ramos Mercado.

[3] Los cargos sexto, séptimo, octavo y noveno están relacionados con un procedimiento ex parte tramitado por la alguacil de la Jueza Ramos Mercado en la Región Judicial de Carolina en la que Vicenty Nazario intervino. Se trata del caso Ex Parte Madeline González Urbina, FJV-2003-1156, un proceso en el que la peticionaria, solicitaba la corrección de su nombre en el Registro Demográfico. Los referidos cargos aducen que violó la ley y los procedimientos administrativos del Tribunal de Primera Instancia para intervenir y conceder el remedio solicitado sin la intervención del Estado. Aducen, además, que usó indebidamente el prestigio de su cargo para favorecer a la promovente del recurso y que al hacerlo no actuó con la prudencia, serenidad y trato cordial hacia sus compañeros jueces que le requieren los Cánones de Ética Judicial. Estos cargos serán evaluados de modo independiente, ya que no están relacionados con los hechos que motivaron los procesos disciplinarios contra Vicenty Nazario y Mainardi Peralta por su intervención en el caso Departamento de la Familia vs. Irina Smith, supra.

comunicaciones telefónicas continuas con la Jueza Ramos Mercado y que al hacerlo incumplió su deber de actuar imparcialmente; que incumplió sus responsabilidades administrativas durante la tramitación del caso; que su conducta fue contraria al deber de comportarse con cordialidad y respeto hacia sus compañeros jueces al no mantener informados a sus superiores de la situación; y que deshonró el cargo judicial al usar su prestigio para obtener beneficios para una tercera persona.[4]

---

[4] Los cargos expresaban, en lo pertinente, lo siguiente:

PRIMER CARGO

[...].

La Jueza Berta Mainardi incurrió en violación [al Canon I de los de Ética Judicial] al ocultar a su compañera Jueza Administradora Regional de Carolina y no informar, notificar, ni consultar el traslado a su Región Judicial del caso de Departamento de la <u>Familia vs. Irina Smith</u>, así como mantener comunicaciones telefónicas constantes con la Jueza Maritza Ramos Mercado, quien era una de las partes en el pleito, y actuar a favor de la Jueza favoreciendo su intervención como parte en el pleito más allá del derecho reconocido en tales casos por la ley. Permitiendo así un trato preferencial hacia la Jueza Ramos Mercado en el litigio de una acción personal ante los Tribunales de Justicia.

SEGUNDO CARGO

La Jueza Berta Mainardi incurrió también en conducta impropia contraria al Canon II de los de Ética Judicial de Puerto Rico [...] al no actuar con prudencia, serenidad e imparcialidad ni asumir con mucho cuidado la interpretación de la ley.

En este caso la Jueza Berta Mainardi Peralta de manera impropia, parcializada y en violación de los procedimientos establecidos por la Regla 21 de las Reglas de Procedimiento Civil de Puerto Rico para la admisión de partes en el pleito y de la Ley 342 de 16 de diciembre de 1999, conocida como la Ley para el Amparo de Menores en

_____

el Siglo XXI, así como en sus [sic] sustitutiva Ley 177 de 1 de agosto de 2003 arbitrariamente autorizó, favoreciendo con ello a la Jueza Maritza Ramos Mercado, y contrario a derecho, la intervención del hogar de crianza como partes [sic] en el pleito más allá del derecho reconocido a éstos por las citadas leyes.

[...].


TERCER CARGO


[...].

La Hon. Berta Mainardi Peralta incurrió en conducta impropia contraria a las disposiciones de los Cánones [sic] XII al auto asignarse mediante orden interna, la cual no tiene fecha, [...] el caso de protección de menores de <u>Departamento de la Familia vs. Irina Smith Romanova</u>, NSRF 2003-00966, cuando existía una relación de amistad, profesional y de estrecha colaboración con la Jueza Maritza Ramos Mercado, con quien mantenía una comunicación continua y constante, casi a diario, y quien a su vez es la persona directa[mente] interesada en el resultado del caso, ya que la Jueza Ramos Mercado estaba actuando como hogar de crianza del menor bajo la custodia del Departamento de la Familia.

CUARTO CARGO

La Jueza [...] Berta Mainardi Peralta incurrió en conducta impropia contraria al Canon V de los Cánones de Ética Judicial que le impone a los Jueces y a las Juezas de la Rama Judicial el deber de cumplir cuidadosa y diligentemente las obligaciones administrativas que imponen las leyes y reglamentos aplicables a la Rama Judicial y las instrucciones de la Oficina de la Administración de los Tribunales. [...].

La Jueza Berta Mainardi Peralta incurrió en violación al Canon V al no cumplir con la Regla 16 de las Reglas de Administración al no notificar, informar ni corroborar con la Jueza Administradora de Carolina, Hon. Lirio Bernal, el traslado del expediente del caso [...] <u>Departamento de la Familia vs. Irina Smith</u>. [...].


QUINTO CARGO

La Jueza Superior Hon. Berta Mainardi Peralta incurrió en conducta contraria y en violación al Canon IV de los Cánones de Ética Judicial. Dicho canon establece

que los jueces y Juezas deben mantener las mejores relaciones y cooperar entre sí para lograr la más eficiente administración de la justicia.

La conducta de la Jueza Berta Mainardi Peralta, descrita en el cargo anterior, se aparta totalmente de dicha premisa.  Al ocultar dicho hecho a una compañero [sic] Jueza Administradora permitió un desvió [sic] de la mejor administración de la justicia.

SEXTO CARGO

La Jueza Berta Mainardi Peralta incurrió en conducta impropia contraria al Canon V [...].

La prueba revela claramente que la Jueza Mirinda Vicenty Nazario [sic] infringió el referido Canon.  En este caso su actuación es una ultravires e ilegal. Ningún juez puede mediante el mecanismo de las ordenes [sic] internas asignarse un caso y tomar decisiones judiciales que afecten a las partes sin notificarlo a éstas.

Surge de la prueba que la Jueza Berta Mainardi se asignó el caso utilizando el mecanismo de las órdenes internas.  […].

SÉPTIMO CARGO

La Jueza Berta Mainardi Peralta incurrió en conducta impropia contraria al Canon XXVI de los de Ética Judicial que exige que todos los jueces estén conscientes de su posición y de la trascendencia de su  misión ya que deben velar siempre por que sus actuaciones respondan a las normas de conducta que honren la integridad y honor tradicional de la Rama Judicial. El curso de la investigación revela que durante el tramite [sic] del caso de <u>Departamento de la Familia vs. Irina Smith</u> las Juezas Berta Mainardi y Maritza Ramos Mercado sostuvieron más de trescientas llamadas telefónicas entre si [sic]. Independientemente [de] que desconozcamos el contenido de las llamadas, cuando menos desde el 31 de julio de 2003 la Jueza Berta Mainardi conocía que ese caso sería trasladado a Fajardo y en el mismo la Jueza Maritza Ramos Mercado era una parte con interés.  De hecho, dicha Jueza siempre estuvo pendiente desde antes [de] que llagar[a] el expediente a su jurisdicción para asumir el control del mismo.  Tan es así que impartió instrucciones a la secretaría de que asignara dicho caso a su sala.  Aún durante la litigación del mismo ambas Juezas mantuvieron una comunicación telefónica constante.

III.

Los hechos determinados probados

A. Hon. Mirinda Vicenty Nazario

El informe de la Comisión de Disciplina Judicial expresa que la Hon. Mirinda Vicenty Nazario fue designada el 1 de julio de 2002 Jueza Coordinadora de Asuntos de

---

OCTAVO CARGO

La Jueza Berta Mainardi Peralta incurrió en conducta contraria al [Canon XV] al mantener comunicación telefónica constante y continua de manera ex parte con la Jueza Maritza Ramos Mercado durante la consideración de la solicitud de privación de patria potestad en el caso civil Departamento de la Familia vs. Irina Smith.

NOVENO GARGO

La Jueza Berta Mainardi Peralta incurrió en conducta impropia contraria al Canon XI de los Cánones de Ética Judicial. De acuerdo con el Canon XI el juez o Jueza no únicamente debe ser imparcial, sino que es preciso que su conducta excluya toda posible apariencia de que su actuación obedece a motivaciones impropias. […].

En este caso la conducta exhibida por la Jueza Berta Mainardi Peralta no está excluida de la apariencia de haber actuado a base de influencias de personas, en particular de la influencia de la Jueza Ramos Mercado. Sus determinaciones judiciales contrarias a derecho demuestran parcialidad, así como las constantes comunicaciones telefónicas entren [sic] ambas magistradas.

DÉCIMO GARGO

La Jueza Superior, Hon. Berta Mainardi Peralta, incurrió en conducta impropia contraria al Canon XXIII que dispone que los Jueces y Juezas deben evitar cualquier actuación que pueda dar la impresión de que están ejerciendo influencias indebida en otro Juez o Jueza en relación con algún asunto pendiente. […]. En este caso la conducta exhibida por la Jueza Berta Mainardi Peralta no esta [sic] excluida de la apariencia de haber actuado a base de influencias de personas, en particular de la influencia de la Jueza Maritza Ramos Mercado.

Relaciones de Familia por la entonces Jueza Administradora de la Región Judicial de Carolina, Maritza Ramos Mercado. Al hacer esta designación, Ramos Mercado delegó verbalmente a Vicenty Nazario la responsabilidad de "atender peticiones de los jueces de Relaciones de Familia, reasignar casos, autorizar traslados a otras regiones judiciales, entre otras". Informe de la Comisión, en las págs. 22-23.

En julio del año 2002 inició el proceso judicial en el Departamento de la Familia v. Irina Smith, supra. El caso fue instado por el Departamento de la Familia al amparo de la Ley Núm. 342 de 16 de diciembre de 1999, sobre maltrato de menores. La acción judicial procuraba amparar al menor A. G., hijo de la señora Irina Smith. Según la distribución de salas existente en la Región Judicial de Carolina, el caso fue asignado a la sala presidida por el Juez Héctor Brull Cestero. Tras los trámites correspondientes, éste emitió sentencia en la cual privó a la señora Irina Smith de la custodia sobre el menor A. G. y la concedió al Departamento de la Familia. Luego se ordenó el cierre y archivo del caso, tras lo cual el 18 de diciembre de 2002 se envió el expediente al área de archivo inactivo.

Posteriormente, hubo una conversación entre Ramos Mercado y Vicenty Nazario en la que aquélla comunicó a ésta que el niño A. G. la visitaba y pernoctaba en su casa. Le indicó, además, que solicitaría al Departamento

de la Familia ser el hogar de crianza del menor. Ante la situación, conforme concluyó la Comisión, Vicenty Nazario expresó a Ramos Mercado la deseabilidad de trasladar el caso a otra Región Judicial.

Luego de ello, el 12 de mayo de 2003, el expediente del caso fue llevado a la oficina de Ramos Mercado a solicitud de ésta. Indica el informe de la Comisión que "ese mismo día la Jueza Vicenty Nazario, en el ejercicio de la autoridad en ella delegada como Jueza Coordinadora de Asuntos de Relaciones de Familia, emitió una orden interna reasignando el caso a su salón de sesiones." Informe de la Comisión de Disciplina Judicial, en la pág. 24.

Posterior a estos trámites, la Hon. Lirio Bernal Sánchez fue designada Jueza Administradora de la Región Judicial de Carolina en sustitución de Ramos Mercado. Ante el cambio, Vicenty Nazario renunció a su cargo de Coordinadora de las Salas de Relaciones de Familia. Sin embargo, a petición de Bernal Sánchez continuó ejerciendo ese cargo en espera de que ésta la sustituyera. Bernal Sánchez no varió el alcance de las responsabilidades que hasta entonces ejercía Vicenty Nazario, por lo que ésta "continuó realizando las funciones y labores de dicho cargo tal y como las llevaba a cabo bajo la administración de la Jueza Mercado". Informe de la Comisión, en la pág. 25.

El 15 de julio de 2003 el expediente del caso fue recibido en la oficina de la Jueza Vicenty Nazario, de conformidad con la orden que emitió el 12 de mayo, y ese mismo día, dicha jueza emitió una orden para trasladarlo a la Región Judicial de Fajardo y para referirlo a la Jueza Administradora de dicha Región, Hon. Berta Mainardi Peralta. Adujo como razón para ello, "que el hogar recurso del menor era [el de una] empleada del Tribunal de Carolina". Informe de la Comisión de Disciplina Judicial, en la pág. 25.

En una segunda orden, emitida para corregir un defecto en el título de la orden precedente, se indicó que "los asuntos reflejaban que el caso era de competencia del Tribunal de Fajardo." Id. Esta segunda orden fue emitida el 15 de julio de 2003. Las partes no objetaron el traslado del caso.

La prueba creída por la Comisión de Disciplina Judicial, integrada por ex-jueces de amplia experiencia en la Judicatura del país, reveló que era uso y costumbre que los casos trasladados desde la Región Judicial de Carolina se refirieran a la Región Judicial de Fajardo, <u>por ser la región judicial más cercana</u>, y, <u>que en específico</u>, se referían al Juez Administrador de dicha región.

<u>Como era costumbre hasta entonces</u>, Vicenty Nazario no informó la determinación de trasladar el caso a la Jueza Administradora de su Región Judicial, ni a la Jueza

Administradora de la Región Judicial de Fajardo o al Juez Coordinador de Asuntos de Relaciones de Familia de esta región. <u>Tras emitir esta orden, la Jueza Vicenty Nazario no tuvo intervención alguna adicional en el caso</u>.

La entonces Jueza Administradora de la Región Judicial de Carolina, Hon. Lirio Bernal, advino en conocimiento de las gestiones administrativas realizadas en este caso a través de la prensa del país.

Eventualmente, el 28 de junio de 2004, la entonces Jueza Presidenta del Tribunal Supremo, Hon. Miriam Naveira Merly, suspendió a la Jueza Vicenty Nazario de sus funciones administrativas en la Rama Judicial.

Por otro lado, la Comisión también determinó probado que Vicenty Nazario envió al Departamento de la Familia una carta de recomendación para expresarse favorablemente en torno a las cualificaciones de la Jueza Maritza Ramos Mercado y de su núcleo familiar para ser certificado como hogar de crianza por el Departamento de la Familia.[5]

---

[5] El texto de la carta es el siguiente:

Estado Libre Asociado de Puerto Rico
Tribunal de Primera Instancia
Apartado 267
Carolina PR 00985

Mirinda Y. Vicenty Nazario
Télefono: 776-4511
Juez Superior
Fax     :  257-3545


28 de agosto de 2003
Departamento de la Familia
Región de Carolina

La carta de recomendación no fue remitida en papel timbrado oficial de la Rama Judicial, aunque sí contenía la dirección postal y los números de teléfono y de facsímil del Centro Judicial de Carolina.

B. Hon. Berta Mainardi Peralta

Respecto a la Jueza Berta Mainardi Peralta, el informe de la Comisión de Disciplina Judicial expresa que ésta fue designada Jueza Administradora de la Región Judicial de Fajardo en julio de 2002. A partir del 2003,

_____

Estimados señores:

En nuestra experiencia como juez de relaciones de familia hemos aprendido a valorar en su justa perspectiva la función de un hogar de crianza y de un hogar preadoptivo. No es solo proveer un techo a un menor para proteger su salud física y mental, sino darle el calor y el cariño para proteger su salud emocional. Esa es la ardua tarea que tanto el Departamento de la Familia como los tribunales debemos asegurar.

Es por ello que no tengo reserva alguna en recomendar la familia Rodríguez – Ramos compuesta por José y Maritza como un hogar de crianza o un hogar preadoptivo. He sido testigo del trato que entre ellos se dispensan, un trato de respeto, amor y consideración como pareja y como padres de su hija [...]. Conocer a José y Maritza, su calidad humana, ha sido una de las cosas que atesoramos en los últimos años.

En la comunidad, la reputación de la Familia Rodríguez –Ramos es una intachable, de respeto y de altos valores cristianos y morales. Es por ello que no dudo en recomendarlos para ser designados como hogar de crianza o como hogar preadoptivo.

No duden en comunicarse con nuestra oficina para cualquier información adicional.

Saludos cordiales.

Mirinda Y. Vicenty Nazario
Juez Superior
Relaciones de Familia

tras la eliminación de la Región Judicial de Asuntos de Menores y de Relaciones de Familia, las salas y el personal asignado a asuntos de familia quedaron bajo la autoridad administrativa de la Jueza Mainardi Peralta. Bajo el nuevo esquema, el entonces Juez Presidente del Tribunal Supremo, Hon. José A. Andréu García, designó a la Jueza Maritza Ramos Mercado como Jueza Coordinadora Especial de Menores y Relaciones de Familia para todo Puerto Rico.

Como Jueza Administradora de la Región de Fajardo, la Jueza Mainardi Peralta instruyó que todo caso que fuera trasladado a su región se llevara a su atención para evaluación y análisis jurisdiccional. Conforme añade el Informe de la Comisión, cada vez que en Fajardo se recibía un expediente por medio de traslado se llevaba a la atención de la Jueza Mainardi Peralta para que ella determinara, tras examinarlo, si aceptaba el traslado. Esa era la práctica desde que ella inició sus funciones en el Tribunal de Fajardo en todas las materias, con excepción de los casos de menores y de relaciones de familia, asuntos que pertenecieron hasta el 2003 a una región judicial independiente. Luego de la integración de las Salas de Menores y de Relaciones de Familia a la Región Judicial de Fajardo, ocurrido el 1 de agosto de 2003, los traslados de expedientes en estas materias siguieron un curso administrativo similar al que seguían los demás casos. De este modo, "después del 1 de agosto

de 2003 los expedientes recibidos en grado de traslado serían entregados en la oficina del Secretario Regional. Éste se encargaría entonces de enviarlos a la oficina de la Jueza Mainardi Peralta". Informe de la Comisión, en la pág. 60.

Como antes se indicó, mediante la orden del 15 de julio de 2003, la Jueza Vicenty Nazario, del Centro Judicial de Carolina, dispuso que el expediente del caso inactivo Departamento de la Familia v. Irina Smith, supra, fuese trasladado a la Región Judicial de Fajardo. En la orden, además, se instruyó que el expediente fuera referido a la Jueza Administradora de esa Región Judicial. Es así como el caso llega a la atención de la Jueza Mainardi Peralta.

Al respecto, la Comisión indicó en su Informe:

> Según ya determinado, para la fecha en que se ordenó el traslado la Jueza Vicenty Nazario era la Jueza Coordinadora de Relaciones de Familia. Determina la Comisión que ninguna comunicación medió entre ésta y la Jueza Mainardi Peralta en relación al traslado del referido caso al Tribunal Superior, Sala de Fajardo. El 18 de julio de 2003 la Jueza Vicenty Nazario emitió una segunda orden debido a que por inadvertencia la primera no fue titulada Orden de Traslado. En ésta hizo expresión de que los autos reflejan que el caso era de la competencia del Tribunal de Fajardo. Informe de la Comisión, en la pág. 63.

Añade el informe de la Comisión que Mainardi Peralta sabía que el caso sería trasladado a su Región, ya que en algún momento Ramos Mercado se lo informó "mediante comunicación informal en ocasión en que coincidieran en

asuntos oficiales", Informe de la Comisión, en la pág. 63; y que en ese momento Mainardi Peralta desconocía los intereses particulares de la Jueza Ramos Mercado en relación con el niño A. G.

Mainardi Peralta aceptó el traslado mediante Orden Interna y lo refirió a la sala del Juez Edison Sanabria, quien emitió sentencia disponiendo el archivo <u>administrativo</u> del caso, el que por tratarse de un archivo para fines estadísticos, no fue notificado a las partes.

Luego de ello, el 21 de noviembre de 2003 el Departamento de la Familia presentó una moción en la que solicitó la privación de la patria potestad de los padres del menor con la intención de que se iniciara un plan de permanencia de adopción.

La moción fue llevada a la atención de la Jueza Mainardi Peralta quien emitió una nueva orden interna que dispuso: "Señor Secretario [Relaciones de Familia], todo asunto de este caso deberá remitirse para disposición de la suscribiente". Tras esta orden, el caso fue reasignado al salón de sesiones de la Jueza Mainardi Peralta.

Mediante Orden de 26 de noviembre de 2003 la Jueza Mainardi Peralta dispuso lo siguiente:

ORDEN

"Atendida la 'Solicitud de Enmienda a la Petición Original y del Remedio de Privación de Patria Potestad', radicada en el caso de epígrafe, el Tribunal dispone lo siguiente:

Se autoriza la enmienda y la publicación del edicto para notificar a los padres del menor.

Notifíquese.

DADA en Fajardo, Puerto Rico, a 26 de noviembre de 2003.


Berta Mainardi Peralta
Jueza del Tribunal Superior"

El 19 de diciembre de 2003 la señora Irina Nikolaevna Romanova, abuela del menor A.G., solicitó intervenir en el caso Departamento de la Familia v. Irina Smith, supra. Alegó que había reclamado infructuosamente la custodia de su nieto en el Departamento de la Familia y que también había hecho gestiones al respecto en el Consulado Honorario de Lituania en Puerto Rico. Solicitó, además, la paralización del procedimiento de privación de patria potestad. Ante esta solicitud, la Jueza Mainardi Peralta emitió el 29 de diciembre de 2003 la siguiente orden:

ORDEN

"Atendida la 'Petición de Intervención' radicada en el caso de epígrafe, se determina lo siguiente:

Se señala vista para reglamentar los procedimientos y disponer de la solicitud en autos para el 5 de febrero de 2004 a las 9:30 de la mañana. En veinte (20) días la parte demandante deberá acreditar la jurisdicción del Tribunal sobre los demandados.

NOTIFÍQUESE.

DADA en Fajardo, Puerto Rico, a 29 de diciembre de 2003.

Berta Mainardi Peralta
Jueza del Tribunal
de Primera Instancia"

Ante una segunda Moción presentada por la señora Irina Nikolaevna Romanova el 14 de enero de 2004, que fue titulada "Moción Solicitando se Autorice Examen del Expediente", la Jueza Mainardi Peralta emitió el 21 de enero de 2004 otra Orden que dispuso:

ORDEN

Atendida la 'Moción Solicitando se Autorice Examen del Expediente', radicada en el caso de epígrafe, se determina lo siguiente:

1.   Fije posición de la demandante en 8 días (en razón del señalamiento se acorta el término).

2.   Muestre causa la parte demandante de porqué no se deba nombrar un defensor judicial ad-litem al menor.  Tiene 8 días.

NOTIFÍQUESE.

DADA en Fajardo, Puerto Rico, a 21 de enero de 2004.

Berta Mainardi Peralta
Jueza del Tribunal Superior

Eventualmente, la Federación Rusa, por conducto de la Hon. Anastasia Kitsul, en su capacidad de Cónsul Honoraria de la Federación Rusa, solicitó el 27 de enero de 2004 autorización para intervenir en el caso.  El 29 de enero de 2004 la Jueza Mainardi Peralta emitió al respecto la siguiente Orden:

ORDEN

Atendida la 'Petición', radicada en el caso de epígrafe, se determina lo siguiente:

1. Acredite la Federación compareciente su legitimación formal y credenciales en 24 horas.

2. Exprésese la Sra. Secretaria de Justicia y el Departamento de la Familia respecto a lo expuesto en la Comparecencia Especial de la Federación Rusa en 10 días, a partir de que se cumpla con la orden número 1.

Notifíquese por correo ordinario y fascímil.

DADA en Fajardo, Puerto Rico, a 29 de enero de 2004.

Berta Mainardi Peralta
Jueza del Tribunal Superior

El 28 de enero de 2004, el día previo a que Mainardi Peralta emitiera esta resolución, la Jueza Ramos Mercado y el señor José R. Rodríguez presentaron dos mociones en el Tribunal tituladas "Solicitud Urgente de intervención" y "Urgente solicitud de remedio en Cumplimiento de Disposiciones de Ley 342". En éstas expusieron que hacía seis meses eran padres de crianza del menor A.G., manifestaron su interés en adoptarlo y solicitaron intervenir en el pleito a la luz del artículo 40 de la Ley para el Amparo de Menores en el Siglo XXI.[6] De igual modo, solicitaron que el tribunal ordenara a las partes que no discutieran el caso públicamente.

Días después, la Jueza Mainardi Peralta fue relevada de sus funciones como Jueza Administradora de la Región

---

[6] Ley Núm. 342 de 16 de diciembre de 1999; 8 L.P.R.A. secs. 444-et seq.

Judicial de Fajardo.   Conociendo que sería trasladada, Mainardi Peralta emitió la siguiente orden:

ORDEN


Consideradas las mociones radicadas en el caso de epígrafe, el Tribunal dispone como sigue:

I


Se autorizan las intervenciones de las interventoras señora Nikolaevna y de los señores Ramos y Rodríguez.

II


Se intima, requiere y ordena a las partes y a sus abogados, protejan la confidencialidad de los procedimientos y de todo aquello que puede vulnerar el mejor interés del menor AGR.  Se abstendrán además de ventilar y/o hacer manifestaciones públicas relativas al asunto ante nuestra consideración bajo apercibimiento de severas sanciones.  La presente orden estará vigente durante y hasta el 5 de febrero de 2004, fecha en que celebraremos vista y dispondremos si se mantiene, amplía o se modifica.

NOTIFÍQUESE por correo ordinario y fascímil.

DADA en Fajardo, Puerto Rico, a 30 de enero de 2004.

Berta Mainardi Peralta
Jueza Administradora Regional

Esta fue la última intervención formal de la Jueza Mainardi Peralta en el caso Departamento de la Familia v. Irina Smith, supra.

Por otro lado, la OAT planteó durante el proceso disciplinario que la Jueza Mainardi Peralta sostuvo varias conversaciones telefónicas con la Jueza Ramos Mercado. Sobre este aspecto, el informe expresa que las llamadas referidas se "efectuaron principalmente entre

los teléfonos celulares oficiales y de oficinas asignados a ambas Juezas", que "[t]ambién existe un número de llamadas entre los teléfonos privados de sus respectivas residencias o entre el celular asignado y el teléfono residencial", y que "la mayoría fueron hechas en días y horas laborables o en un tiempo cercano a éstas", aunque "algunas fueron hechas fuera de estas horas, incluyendo varios fines de semana". Informe de la Comisión, en la pág. 69.

La OAT estipuló desconocer el contenido de las llamadas. La Jueza Mainardi Peralta, declaró, sin embargo, que "todas las conversaciones sostenidas con la Jueza Ramos Mercado estaban relacionadas con asuntos administrativos, muchos de ellos de gran complejidad, ya fuera sobre la integración de los salones de asuntos de menores y relaciones de familia como del Proyecto de Coordinación Interagencial" y que "nunca discutieron incidentes del caso Departamento de la Familia v. Irina Smith". Añadió, "que mientras ocupó el cargo de Jueza Administradora de la región de Fajardo, residía en el área de Hato Rey y durante el trayecto de su residencia al tribunal y vice-versa realizaba labores administrativas a través del teléfono celular asignado". Informe de la Comisión, en la pág. 70.

La OAT no presentó prueba que refutara estas declaraciones. Finalmente, la Comisión concluyó:

> En vista de lo anterior, concluimos
> que no existe prueba de donde pueda

> inferirse y menos concluirse que existió propósito ilegítimo o impropio en las llamadas cursadas entre ambas Juezas. Por el contrario, las responsabilidades administrativas de ambas justifican y explican a satisfacción de la Comisión la legitimidad de estas llamadas. Id.

Habiendo expuesto los hechos según fueron determinados por la Comisión de Disciplina Judicial, resolvemos ambas querellas simultáneamente, tal y como nos fueran referidas por dicha comisión.

## IV.

El derecho aplicable

Son muchos los Cánones de Ética Judicial invocados en las querellas imputadas contra las Juezas Mainardi y Vicenty. Todos forman parte de los Cánones de Ética Judicial de 1977, cuerpo ético vigente al momento de la ocurrencia de los hechos, por lo que será a éstos y a su jurisprudencia interpretativa a los que nos referiremos.

Los Cánones específicamente imputados son el canon I, preceptivo de que los jueces "deben velar porque sus actuaciones respondan a normas de conducta que honren la integridad e independencia de su ministerio y estimulen el respeto y la confianza en la Judicatura"; el canon II, que dispone que los jueces deben resolver "cada controversia a base de su propia evaluación de la prueba presentada"; el canon IV, que exige de los jueces colaborar y ser cordiales con sus compañeros de trabajo; el V, mandatorio de que los jueces deben cumplir con sus obligaciones administrativas; el XI y el XII que disponen

respectivamente que los jueces deben ser imparciales y que deben procurar excluir con su comportamiento "toda apariencia de conducta impropia" y que deben inhibirse de los procesos cuando, entre otras cosas, estén parcializados o tengan interés en el resultado del proceso; el canon XV, que establece que los jueces no deben tener comunicación con partes o abogados que pretendan influir en sus determinaciones; el XXI que dispone que los jueces no deben usar su poder o el prestigio de su cargo para promover el éxito de negocios privados o para su propio beneficio; el XXIII preceptivo de que los jueces deben evitar toda conducta que pueda crear la apariencia de que pretenden influir en el ánimo de otro juez o Jueza; y el XXVI que establece que los jueces deben observar fielmente el contenido de los cánones, y que expresa que éstos, como normas mínimas de conducta, "no excluyen otras normas de conducta que también obligan al Juez y a la Jueza". 4 L.P.R.A. Ap. IV – A., C. I, II, IV, V, XI, XII, XV, XXI, XXIII y XXVI.

Evaluemos cada uno de estos cánones y determinemos si realmente fueron violados.

V.

A. Sobre los cargos imputados contra la Jueza Vicenty Nazario.

(1) El envío de la carta de recomendación al Departamento de la Familia (cargos 10 y 11).

De entrada, debemos descartar la posibilidad de disciplinar a la Jueza Vicenty Nazario por conducta

antiética por enviar una carta de recomendación al Departamento de la Familia para expresarse favorablemente sobre las cualificaciones morales de la Jueza Maritza Ramos Mercado y de su familia para ser certificada como hogar de crianza. Nuestra reciente decisión en In re, Almodóvar Marchany, res. 3 de abril de 2006, 206 TSPR 49, 167 DPR ___ (2006), dispone del caso.

En esa ocasión, en el contexto de una carta de recomendación enviada por un juez superior para el mismo proceso administrativo al cual fue enviada la carta por la Jueza Vicenty Nazario, aunque reconocimos que fue una actuación imprudente, toda vez que se trataba de un proceso en el Departamento de la Familia que tenía elementos tanto investigativos como adjudicativos, reconocimos que la norma ética al respecto no estaba clara, y que por tal razón, nos abstendríamos de disciplinar al magistrado allí involucrado. Apercibimos, sin embargo, a la judicatura del país contra actuaciones similares.

En este caso se impone el mismo resultado tratándose de eventos ocurridos coetáneamente. Por tal razón, aunque al igual que en In re, Almodóvar Marchany, supra, nos parece que el envío de la carta de recomendación al Departamento de la Familia por parte de la Jueza Vicenty Nazario fue éticamente imprudente, nos abstendremos de tomar medida disciplinaria contra ella por dicho acto. Reiteramos, sin embargo, nuestros pronunciamientos en In

re, Almodóvar Marchany, supra, sobre la eticidad de tal conducta.

(2)  El manejo del expediente del caso Familia vs. Irina Smith, FMM2002-091.

Se imputa a la jueza querellada dar trato preferencial al caso Departamento de la Familia, v. Irina Smith, supra, debido a que su compañera jueza tenía interés en su resultado. Se adujo, además, que la Jueza Vicenty Nazario debió informar a sus superiores sobre la existencia de ese interés personal de parte de la compañera jueza y que usó indebidamente el mecanismo de órdenes internas para asignarse el caso. Sobre este aspecto se expresó en la querella que "emitir una orden interna de esa naturaleza tiene el efecto [de] que ninguna de las partes advenga en conocimiento de lo que ha surgido con su caso". Cargo Número Tercero, Informe de la Comisión, en las págs. 7-8. Finalmente, se alegó que fue éticamente impropio que la Jueza Vicenty Nazario se asignara dicho caso, ya que tenía una relación de amistad, profesional y de estrecha colaboración con la Jueza Ramos Mercado, lo que arrojaba dudas sobre su imparcialidad.

Los Cánones de Ética Judicial exigen que los jueces cumplan, entre otras cosas, sus obligaciones administrativas.  4 LPRA Ap. IV-A C. V.  Véase, In re Porrata Doria, res. 24 de septiembre de 2002; 2002 TSPR 129 (2002); 158 DPR _____ (2002). Deben, pues, cumplir con las obligaciones administrativas que le impone la

reglamentación de la Rama Judicial, así como los memorandos y órdenes administrativas que emite la administración de la Rama Judicial.

Conforme a los hechos determinados probados por la Comisión de Disciplina Judicial, somos de opinión que las actuaciones de la Jueza Mirinda Vicenty Nazario con relación al manejo del expediente de dicho caso no violan los Cánones de Ética Judicial. Veamos por qué.

La Jueza Vicenty Nazario era la Jueza Coordinadora de Asuntos de Relaciones de Familia en el momento en que se emitió sentencia en el caso Departamento de la Familia v. Irina Smith. La Jueza Administradora de dicha Región Judicial en ese momento era la Jueza Maritza Ramos Mercado. El envío del caso a la Región Judicial de Fajardo se formalizó por la jueza a quien se había delegado la función de coordinar y manejar los asuntos de relaciones de familia, y según la prueba, tras conversar con la entonces Jueza Administradora de la Región Judicial en torno a las razones de peso que recomendaban ese proceder. No se trata de que el caso fue deliberadamente trasladado a otra región para variar alguna determinación ya tomada. Fue una medida que parecía adecuada dado el hecho de que existía un potencial problema ético si el caso se reabría estando en la jurisdicción de Carolina en donde laboraba la Jueza Maritza Ramos Mercado. Aun cuando lo más lógico y prudente hubiese sido esperar a que alguna parte con

interés presentara alguna moción que activara dicho caso, lo cierto es que el traslado ocurrido <u>en las presentes circunstancias</u> no contraviene la Regla 16 de las de Administración del Tribunal de Primera Instancia.[7] Tampoco contraviene alguna otra disposición administrativa.

Asimismo, aún cuando la orden de traslado se emitió cuando ya había entrado en funciones una nueva Jueza Administradora (12 de julio de 2003), a esa fecha el caso ya había sido reasignado a la sala de Vicenty Nazario con la aprobación de quien entonces fungía como Jueza Administradora. Por otro lado, ninguna de las partes del

---

[7] La Regla 16 de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico, 4 L.P.R.A. Ap. II-B, R. 16, dispone:

> a. Cuando cualquier empleado o empleada, funcionario o funcionaria, juez o jueza de una región judicial sea parte en litigios que se hayan presentado o que vayan a presentarse en la sala en que laboran, el Juez Administrador o la Jueza Administradora de la Región Judicial correspondiente, de concluir que es necesario para proteger la imagen de imparcialidad del sistema, trasladará el caso a otra sala o coordinará su traslado a la región judicial geográficamente más cercana con el Juez Administrador o la Jueza Administradora correspondiente. Una vez autorizado el traslado, se tomarán las medidas necesarias para que el asunto judicial sea atendido de manera expedita, según lo requieran las circunstancias particulares del caso.
> b. De tratarse de un caso de naturaleza criminal, una vez tenga conocimiento de la situación el Juez Administrador o la Jueza Administradora de la Región Judicial, informará de ello al o a la Fiscal de Distrito y a la representación legal de la persona imputada.

caso objetó el traslado luego de que les fuera notificada la orden con ese fin.

A la luz de estas circunstancias y en ausencia de prueba que revele una clara intención de beneficiar a una parte o de forzar un resultado particular, coincidimos con la Comisión de Disciplina Judicial en que no se ha configurado una violación a los Cánones de Ética Judicial.

De igual modo, nos parecen inmeritorios los cargos relacionados con las órdenes internas que la Jueza Vicenty Nazario emitió para reasignarse el caso. Las órdenes internas son un mecanismo de uso frecuente en los tribunales para disponer rápidamente de asuntos que son esencialmente de naturaleza administrativa. En este caso, la Jueza Vicenty Nazario usó este mecanismo para reasignarse un caso. En vista de que era la Jueza Coordinadora de los Asuntos de Relaciones de Familia, tal proceder no nos parece impropio. Se aduce, sin embargo, que de esta forma, se omitió informar a las partes el nombre del juez al que se le asignó el caso. Sin embargo, tras esa asignación, la única determinación tomada por la Jueza Vicenty Nazario fue ordenar el traslado del caso, el cual como dijimos, no fue objetado, y conforme a la normativa administrativa aplicable era uno de los posibles cursos de acción ante el hecho de que una empleada de la Región Judicial de Carolina tenía interés en el resultado. Esta única intervención en nada afectó

los intereses de las partes ni estuvo reñida con los deberes éticos de los integrantes de la Judicatura.

Ante lo anterior, coincidimos con el criterio de la Comisión en que los cargos 1, 2, 3, 4 y 5 son improcedentes.

Ahora bien, se aduce en la querella que existía una estrecha relación de amistad entre las Juezas Ramos Mercado y Vicenty Nazario, y que por tal razón, ésta no debió ordenar el traslado del caso en el que aquella tenía interés personal. ¿Quién si no la Coordinadora de Relaciones de Familia, --quien no tenía interés personal en el asunto-- debía hacerlo? ¿La propia Jueza Administradora Ramos Mercado?

Los jueces de las Regiones Judiciales de ordinario desarrollan relaciones estrechas de cooperación y de amistad. De hecho, el canon VI de los de Ética Judicial impone a los jueces del sistema el deber de ser cordiales y cooperadores con sus compañeros jueces.[8] Aun cuando esas relaciones no deben afectar su independencia e imparcialidad en el ejercicio de sus funciones judiciales, y en ocasiones deben ser juiciosamente

---

[8] El Canon VI de los de Ética Judicial dispone:

> Las juezas y los jueces cooperarán entre sí para lograr la más eficiente administración de la justicia. Su conducta estará enmarcada en el respeto mutuo, la cordialidad y la colaboración profesional, sin que importen las diferencias en sus posiciones dentro del sistema judicial. No harán críticas infundadas que tiendan a menospreciar el prestigio de sus compañeros jueces o compañeras juezas.

sopesadas para evitar la mera apariencia de conducta impropia, no por tal razón debemos considerar como contrario a los Cánones de Ética Judicial emitir una orden de traslado cuando procura claramente evitar un conflicto ético en el manejo del caso en el que la Jueza Administradora de la región que realiza el traslado tiene interés personal.

En el pasado hemos disciplinado a jueces que han omitido cumplir con el deber de informar al Juez Administrador que existe algún caso en su región judicial en el que tiene interés personal. Véase, In re González y Pagán Pagán, res. 20 de junio de 2005, 164 D.P.R. \_\_ (2005). En el presente caso, era la propia Jueza Administradora quien tenía interés personal en el caso. La Jueza Vicenty Nazario no tenía tal interés personal. Sólo intervino para ordenar el traslado del caso.

VI.

A.   Sobre los cargos imputados contra la Jueza
     Berta Mainardi Peralta

Los diez cargos imputados contra la Jueza Berta Mainardi Peralta versan sobre su alegada intervención impropia en el caso Departamento de la Familia vs. Irina Smith, supra, en lo que concierne a: (1) aceptar el traslado del caso a la Región Judicial de Fajardo; (2) emitir varias órdenes durante el pleito, incluyendo una en la que se asignaba el caso, y no inhibirse del procedimiento; (3) autorizar la intervención de Ramos Mercado y del señor Rodríguez en el pleito; y (4)

mantener comunicaciones telefónicas con Ramos Mercado, cuyo contenido preciso aún hoy se desconoce.

(1) Cargos relacionados al traslado del caso

En el primer y cuarto cargo se alega que la Jueza Mainardi Peralta actuó de modo contrario a la ética al no informar a la entonces Jueza Administradora de la Región Judicial de Carolina que aceptaría mediante trasladado el caso Departamento de la Familia vs. Irina Smith, supra.

Sostener este cargo supone reconocer que estaba obligada a actuar de ese modo. Sin embargo, no hemos encontrado disposición alguna que establezca tal deber.

Evaluados los hechos, la Jueza Minardi Peralta sólo tuvo ante sí una notificación de traslado a su región por parte de la Jueza Vicenty Nazario. Se trató de un trámite entre la Jueza Coordinadora de Relaciones de Familia de la Región Judicial de Carolina y la Jueza Administradora de la Región Judicial de Fajardo que no revestía apariencia de irregularidad, conforme lo estableció la Comisión de Disciplina Judicial. Al respecto, señala el informe que "[l]a prueba documental y testifical presentada no refleja que la Jueza Mainardi Peralta haya tenido la intención de ocultar tal suceso a la Jueza Bernal Sánchez, sino que sólo presumió la corrección de los actos realizados por la Jueza Vicenty Nazario". Informe de la Comisión, en la pág. 86.

Coincidimos con la Comisión de Disciplina Judicial en que la intervención de la Jueza Mainardi Peralta en lo

que concierne al traslado del caso no fue éticamente impropia. Los cargos primero, cuarto y quinto son inmeritorios.

(2) Cargos relacionados con la emisión de una orden interna durante el pleito y al hecho de que la Jueza Mainardi Peralta no se inhibió del proceso.

Los cargos relacionados a este segundo asunto, plantean, en esencia, que la Jueza Mainardi Peralta incurrió en violaciones éticas al intervenir en el proceso y tomar determinaciones judiciales. Se cuestiona, además, el hecho de que la jueza emitiera órdenes internas que no se notifican a las partes. Estas alegaciones se basan en que existía una relación estrecha de amistad entre la Jueza Mainardi Peralta y la Jueza Ramos Mercado.

De las órdenes emitidas por Mainardi Peralta sólo una fue de carácter interno y tenía como propósito instruir al secretario de Relaciones de Familia que refiriera todo asunto del caso a su atención. Esa determinación fue hecha dentro del ejercicio de la discreción que tienen los Jueces Administradores para manejar los casos de sus respectivas regiones judiciales. Una determinación de este tipo, tomada siguiendo la práctica regular y en ausencia de prueba que demuestre parcialidad, no constituye una violación a los Cánones de Ética Judicial.

En la querella se aduce que las partes no fueron notificadas de dicha orden. Sin embargo, la orden no

contiene ningún resultado dispositivo del caso o de algunas de sus controversias. No afectaba, pues, los derechos de las partes. En todo caso, sólo revelaba que la Jueza Mainardi Peralta continuaría interviniendo en el caso, hecho que, al recibir la notificación de las órdenes que la jueza continuó emitiendo, nunca cuestionaron. Por otro lado, la prueba que la Comisión de Disciplina tuvo ante sí no revela que la jueza Mainardi Peralta actuara de modo parcializado o que pesara en su ánimo favorecer a alguna parte o a la jueza Ramos Mercado. Ante tales circunstancias, siguiendo el criterio de la Comisión de Disciplina resolvemos que los cargos tercero y sexto imputados al respecto son inmeritorios.

(3) Cargos vinculados con la autorización de la intervención de Ramos Mercado y del señor Rodríguez en el pleito

La querella contra Mainardi Peralta destaca en el segundo cargo que ésta actuó de modo contrario a los Cánones de Ética Judicial al autorizar en el proceso judicial la intervención del hogar de crianza constituido por la Jueza Martiza Ramos Mercado y, su esposo, el señor José Rodríguez. Se alegó que dicha conducta es contraria al Canon II que impone a los jueces el deber de actuar con prudencia, serenidad, imparcialidad y cuidado al interpretar la ley.

A juicio de la parte querellante, la actuación de Mainardi Peralta fue "en violación de los procedimientos establecidos por la Regla 21 de las Reglas de

Procedimiento Civil de Puerto Rico para la admisión de partes en el pleito y de la Ley 342 de 16 de diciembre de 1999, conocida como la Ley para el Amparo de Menores en el Siglo XXI, así como en sus [sic] sustitutiva Ley 177 de 1 de agosto de 2003". Véase, Cargo Núm. Dos, Informe de la Comisión, en la pág. 37.

No hay duda de que los jueces deben ser cuidadosos e imparciales al estudiar y aplicar el derecho. Sin embargo, ese deber ético no debe confundirse con el ejercicio de la discreción judicial, ni con un error producto de una interpretación honesta y de buena fe de una disposición legal, pues los jueces, como humanos, no son infalibles.

Deslindar los campos entre una conducta correcta y una contraria a la ética en cuanto a este deber no siempre es fácil. En el pasado hemos destacado que el abuso intencional de la discreción judicial en abierto desafío hacia el derecho vigente, In re, Díaz García, 11 de febrero de 2003, 2003 TSPR 13, 158 DPR ___ (2003); o un error que por su magnitud revele favoritismo hacia una parte, In re Jackson Sanabría, 97 D.P.R. 1 (1969); así como violaciones al proceso de ley debido, In re Castro Colón, 155 D.P.R. 110 (2001), son instancias que podrían contituir violaciones al deber de actuar con mesura y cuidado en la interpretación del derecho. Son, pues, la arbitrariedad y la subversión intencional de procedimientos legales en claro menosprecio del derecho

vigente las instancias que más fácilmente plantean una violación ética al deber de ser cuidadoso y riguroso en el estudio y aplicación del derecho.

El error honesto en la interpretación del derecho, en cambio, no constituye una violación ética. En tales circunstancias, conforme a nuestros precedentes, nos encontramos ante una determinación judicial sujeta a los recursos de revisión apelativos que correspondan. In re, Díaz García, supra. En el presente caso, ésta es la situación.

La querella plantea que la Jueza Mainardi Peralta actuó de modo impropio al autorizar en el pleito la intervención del hogar de crianza del menor A.G., entonces compuesto por la Jueza Ramos Mercado y su esposo. Nuestra lectura de la Ley Núm. 177 de 1 de agosto de 2003, 8 L.P.R.A. secs. 444 et seq., en los artículos pertinentes, nos convence de que ese curso de acción no revela una actitud intencional en claro menosprecio del derecho vigente. La referida ley concede cierta discreción a los jueces del Tribunal de Primera Instancia para escuchar a personas que pueden aportar información útil para viabilizar el mejor interés de los menores objeto de los procedimientos al amparo de dicha ley, tales como abuelos, personas que tengan al menor objeto del proceso bajo su cuidado y personas que componen su hogar de crianza.

A la luz de la prueba presentada en este caso, coincidimos con la Comisión de Disciplina Judicial en que la autorización de la intervención de Ramos Mercado y del señor Rodríguez no constituyó actuación que demostrara un menosprecio del estado de derecho vigente o que fuera una actuación intencional claramente dirigida a favorecer a la Jueza Ramos Mercado, más aún ante el hecho de que la autorización tuvo una eficacia provisional —hasta que se realizara una vista argumentativa en la que se dilucidaría la permanencia de la orden— y de que la Jueza Mainardi Peralta, también autorizó la intervención en el proceso de la señora Irina Nikolaevna Romanora, abuela del menor A.G. La determinación al respecto de la Jueza Mainardi Peralta fue una actuación sujeta a los trámites judiciales apelativos.

El segundo cargo imputado contra ésta debe desestimarse.

(4) Cargos relacionados con las comunicaciones telefónicas entre la Jueza Mainardi Peralta y la Jueza Maritza Ramos

Los cargos séptimo, octavo, noveno y décimo se relacionan con varias llamadas telefónicas que hubo entre la Jueza Berta Mainardi Peralta y la Jueza Maritza Ramos. La Oficina de Administración de los Tribunales expresó que entre ambas hubo más de trescientas llamadas telefónicas durante el período en que el caso estaba siendo considerado por Mainardi Peralta. A juicio de la Administración de los Tribunales esa actuación fue

impropia, toda vez que Ramos Mercado tenía interés personal en el resultado del pleito en el que Mainardi Peralta figuraba como Juez.

No albergamos dudas de que de haber habido comunicaciones entre ambas juezas sobre las incidencias procesales o sobre la prueba de dicho caso, tal conducta sería claramente impropia, pues, durante el tiempo que se tramitaba dicho pleito, el niño objeto de la disputa judicial mantenía relaciones con la Jueza Ramos Mercado y ésta había expresado interés en obtener su custodia. Si bien Ramos Mercado no era parte en el proceso judicial que se tramitaba en Fajardo, sí tenía interés en el resultado del pleito.

No obstante, el expediente judicial carece de prueba que controvirtiera la prueba testifical de la defensa que sostenía que las conversaciones versaban sobre asuntos administrativos de la Rama Judicial. La Oficina de Administración de los Tribunales no pudo demostrar que esas conversaciones versaban sobre el caso judicial que consideraba la Jueza Mainardi Peralta. Ante lo anterior, es forzoso concluir que las violaciones éticas imputadas al respecto no se cometieron.

## VII.

Por los fundamentos antes expuestos, y siguiendo la recomendación de la Comisión de Disciplina Judicial, procede desestimar todos los cargos imputados contra la Jueza Berta Mainardi Peralta. De igual modo, y conforme

a similar criterio de la Comisión de Disciplina Judicial, en cuanto a la Jueza Mirinda Vicenty Nazario, procede desestimar los cargos primero, segundo, tercero, cuarto y quinto que le fueron imputados con relación a su intervención en el caso Departamento de la Familia v. Irina Smith, supra, y que se discuten en la presente Opinión.

Por su parte, respecto a los cargos décimo y undécimo resolvemos que la Jueza Vicenty Nazario actuó de modo impropio al enviar una carta de recomendación al Departamento de la Familia en el contexto del procedimiento administrativo de certificación de hogar de crianza iniciado por la Jueza Maritza Ramos Mercado. A tenor con lo resuelto en In re, Almodóvar Marchany, supra, y en vista de que la actuación de Vicenty Nazario ocurrió de modo coetáneo a las actuaciones que motivaron nuestras expresiones en este precedente judicial, no le impondremos sanción disciplinaria alguna por dicha conducta.

Se emitirá la correspondiente Sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

| Hon. Mirinda Vicenty Nazario | AD-2004-3(B) | Conducta |
|---|---|---|
| Hon. Berta Mainardi Peralta | AD-2004-3(C) | Profesional |
| Juezas Superiores | | |

SENTENCIA

San Juan, Puerto Rico, a 13 de octubre de 2006.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se desestiman los cargos imputados contra la Jueza Berta Mainardi Peralta en el presente proceso disciplinario. En cuanto a la Jueza Mirinda Vicenty Nazario, se desestiman los cargos primero, segundo, tercero, cuarto y quinto que le fueron imputados con relación a su intervención en el caso *Departamento de la Familia v. Irina Smith*, FMM2002-091.

Por su parte, respecto a los cargos décimo y undécimo resolvemos que la Jueza Vicenty Nazario actuó de modo impropio al enviar una carta de recomendación al Departamento de la Familia en el contexto del procedimiento administrativo de certificación de hogar de crianza iniciado por la Jueza Maritza Ramos Mercado. Sin embargo, a tenor con lo resuelto en *In re Almodóvar Marchany*, res. 3 de abril de 2006, 206 TSPR 49, 167 DPR ___ (2006), y en vista de que la actuación de Vicenty Nazario ocurrió de modo coetáneo con la conducta

que motivó nuestras expresiones en este precedente judicial, no le impondremos en este caso sanción disciplinaria alguna por dicha conducta.

Todos los Jueces que intervienen lo hacen por la Regla de Necesidad.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López emitió Voto Particular de Conformidad. La Juez Asociada señora Rodríguez Rodríguez inhibida.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Hon. Mirinda Vicenty Nazario          AD-2004-3(B)
Hon. Berta Mainardi Peralta           AD-2004-3(C)


VOTO PARTICULAR DE CONFORMIDAD EMITIDO POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 13 de octubre de 2006

Estamos completamente de acuerdo con la determinación que hace el Tribunal, en la Opinión Per Curiam que emite en el presente caso, a los efectos de desestimar y archivar los cargos radicados por la Oficina de Administración de los Tribunales contra las Juezas Superiores, Honorables Mirinda Vicenty Nazario y Berta Mainardi Peralta, por hechos relacionados al caso Civil Núm. FMM2002-091, Departamento de la Familia v. Irina Smith, que se tramitara ante el tribunal de instancia.

¿Por qué, entonces, la emisión, por separado, de un Voto Particular de Conformidad de parte nuestra? La razón de ello, sucintamente expuesta, es sorprendentemente sencilla: enfatizar que

determinaciones palpablemente injustas, como la presente, contra miembros de la judicatura puertorriqueña <u>nunca deben volver a repetirse en el futuro</u>.

En específico, en cuanto a la Hon. Berta Mainardi Peralta, y luego de un detenido examen del expediente del caso y de una lectura de la Opinión Per Curiam del Tribunal, nos resulta particularmente incomprensible que la entonces Juez Presidenta de este Tribunal, Lcda. Miriam Naveira Merly, y la entonces Directora Administrativa de los Tribunales, Lcda. Lirio Bernal Sánchez, entendieran procedente ordenar --a base de la escasa y/o inexistente evidencia en su poder-- la suspensión de la Hon. Juez Mainardi Peralta de sus funciones judiciales; actuación que desafortunadamente mancilló la bien ganada reputación profesional y personal de una servidora pública que siempre ha actuado con honorabilidad, honestidad, decencia y un alto grado de profesionalismo.

Lo verdaderamente triste de esta situación --por aquello de que "cuando el río suena es porque algo trae"-- es que siempre habrá quien entienda que esta íntegra y respetada profesional del derecho "algo malo tiene que haber hecho". <u>Nada más injusto y lejos de la realidad</u>.

La Rama Judicial está compuesta, en su inmensa mayoría, por Jueces honrados, laboriosos y decentes que merecen toda nuestra admiración y respeto. No hay duda que siempre habrá uno que otro que atente contra, o denigre, la toga que sobre sus hombros lleva. Esos pocos deben ser

identificados, procesados y separados de sus funciones judiciales de la forma más rápida posible.

Necesitamos, sin embargo, más funcionarios como la Juez Mainardi Peralta. Esos honran la toga. Así lo entendió la Comisión de Disciplina Judicial al recomendarnos --luego de escuchar la prueba presentada-- que exoneráramos a la Juez Berta Mainardi Peralta. Es por ello que la acción tomada contra ella al suspendérsele sumariamente de sus funciones judiciales --sin prueba que sostuviera o justificara dicha acción, como en el presente caso se hizo-- resultó ser una insensata y, ciertamente, desatinada.

La Juez Mainardi Peralta ha decidido retirarse de la Judicatura. Aun cuando lamentamos su pérdida, comprendemos su insatisfacción y desencanto con el sistema judicial de nuestro País y la justicia que, en ocasiones, éste dispensa a los suyos. Hoy, afortunadamente, este Tribunal ha tenido la oportunidad de subsanar, parcialmente, el error cometido y el daño anteriormente infligido.

FRANCISCO REBOLLO LÓPEZ
Juez Asociado