EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Hon. Mirinda Vicenty Nazario<br>Jueza Superior | 2006 TSPR 152<br><br>169 DPR _____ |

Número del Caso: AD-2004-3 (C)

Fecha: 16 de octubre de 2006

Oficina de Administración de los Tribunales:

Lcda. Nilsa Luz García Cabrera

Abogados de la Hon. Mirinda Vicenty Nazario:

Lcdo. Carlos R. Ríos Gautier
Lcda. Elisa Bobonis Lang

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

| | | |
|---|---|---|
| Hon. Mirinda Vicenty Nazario | AD-2004-3(C) II | Conducta |
| Jueza Superior | | Profesional |

PER CURIAM

San Juan, Puerto Rico, a 16 de octubre de 2006.

Nos corresponde resolver si la Hon. Mirinda Vicenty Nazario incurrió en conducta contraria a los Cánones de Ética Judicial al intervenir en un procedimiento judicial *Ex parte* asignado a otro juez y en el que la parte promovente era empleada del mismo Centro Judicial en el que laboraba. Los cargos imputados al respecto fueron formulados por la Oficina de la Administración de los Tribunales y considerados por la Comisión de Disciplina Judicial de modo simultáneo con los que le se le imputaron con

relación a su conducta en el manejo del caso *Departamento de la Familia vs. Irina Smith*, FMM2002-091.[1] No obstante, como la conducta que motiva los cargos que hoy consideramos está desvinculada de lo ocurrido en el caso *Departamento de la Familia vs. Irina Smith, supra,* emitimos de forma independiente esta decisión.

Luego de evaluar los hechos a la luz de las normas aplicables y distinto a lo recomendado por la Comisión de Disciplina Judicial, consideramos que la conducta de la jueza Vicenty Nazario fue contraria a la ética judicial.

I.

Como parte de la investigación realizada contra varias juezas del Sistema Judicial de Puerto Rico por su intervención en el caso *Departamento de la Familia vs. Irina Smith, supra*, la Oficina de Administración de los Tribunales (OAT) advino en conocimiento de que la Hon. Mirinda Vicenty Nazario intervino de modo irregular en el proceso judicial *Ex parte González Urbina*, FJV2003-1156. Dicho caso fue instado por la alguacil Madeline González Urbina, quien a esa fecha estaba asignada a la Sala de la Jueza Maritza Ramos Mercado. El caso fue identificado como *Ex parte Madeline González Urbina, supra*, fue asignado a la sala 402, presidida por el Juez Rafael L. Vissepó Vázquez, y tenía como propósito solicitar la

---

[1] En *In re Hon. Mirinda Vicenty Nazario y Hon. Berta Mainardi Peralta*, res., 13 de octubre de 2006; 2006 TSPR 151; __ D.P.R. __ (2006); AD-2004-3(B) y AD-2004-3(C), adjudicamos los cargos relacionados al caso *Departamento de la Familia vs. Irina Smith, supra.*

rectificación del nombre de González Urbina en el Registro Demográfico. En relación con este asunto, la Comisión de Disciplina Judicial realizó las correspondientes vistas. Tras los procedimientos de rigor, rindió su informe. En éste expresó lo siguiente:

> [El día en que instó el recurso] la señora González Urbina acudió a la oficina de la Jueza Vicenty Nazario, y en ese momento se encontraban allí la Jueza Vicenty Nazario, su secretaria y su alguacil. La Jueza Vicenty Nazario conocía a la señora González Urbina desde febrero de 1999 cuando inició labores en el Tribunal de Carolina. Allí, la señora González Urbina comentó que había presentado una solicitud de corrección de su nombre y necesitaba que ésta fuese atendida con urgencia debido a que se exponía a perder una ayuda económica que recibía en la Universidad. A renglón seguido, la Jueza Vicenty Nazario le preguntó en qué consistía el problema y la señora González Urbina explicó que el nombre en el certificado de nacimiento no era el mismo con el que se registró en la universidad.

Ante tal situación, la Jueza Vicenty Nazario dio instrucciones a su secretaria para que solicitara y gestionara el envío del expediente del caso *Ex parte Madeline González Urbina*, *supra*, a su oficina. Además, le expresó a la señora González Urbina que no se preocupara porque ella se comunicaría con el Juez Vissepó Vázquez para resolver el asunto. No obstante, cuando la Jueza Vicenty Nazario llamó a la oficina del Juez Vissepó Vázquez, le informaron que éste no se encontraba.

Una vez recibido el expediente, el 3 de septiembre de 2003, la Jueza Vicenty Nazario emitió una sentencia en la que ordenó al Director del Registro Demográfico

realizar la corrección en el certificado de nacimiento para que reflejara el cambio de nombre de María Elisa González Urbina a Madeline González Urbina.[2]   En ese

_____

[2] El Art. 31 de la Ley Núm. 24 de 22 de abril de 1931, según enmendada, 24 L.P.R.A. Sec. 1231, dispone que no puede realizarse enmienda al certificado de nacimiento sino en virtud de orden del Tribunal. Además, establece que el procedimiento para la corrección de un certificado de nacimiento es el siguiente:

> Para obtener dicha orden deberá presentar el interesado una solicitud a la Sala del Tribunal de Distrito de su domicilio, exponiendo bajo juramento su pretención y formulándola debidamente acompañada de la prueba documental pertinente en apoyo de su solicitud. Copia de la solicitud y de toda la prueba documental le será remitida al Ministerio Fiscal simultáneamente con su radicación quien deberá formular su posición dentro del término de 10 días.

> Transcurridos 10 días desde la remisión y notificación al Ministerio Fiscal sin que éste haya formulado objeción alguna, el tribunal entenderá y resolverá los méritos de la petición sin necesidad de celebrar vista, o discrecionalmente podrá celebrar vista de estimarlo procedente y dictará el auto que proceda.

> El auto en que se autorice la rectificación o enmienda de un asiento en el antiguo Registro Civil se inscribirá mediante anotación extendida en debida forma al margen de la inscripción rectificada. La rectificación, adición o enmienda de un certificado ya archivado en el Registro General Demográfico se hará insertando en él las correcciones, adiciones o enmiendas autorizadas por el tribunal. Las tachaduras que fueren necesarias se harán de modo que siempre se pueda leer la palabra tachada.

> El cambio, adición o modificación de nombre o apellido sólo podrá hacerse a instancia del interesado, quien deberá presentar ante cualquier Sala del Tribunal de Distrito la oportuna solicitud, expresando bajo juramento los motivos de su pretensión,

momento la Jueza Vicenty Nazario *presumió* que la alguacil residía en la región judicial de Carolina y que presentó la solicitud de forma correcta.

El 8 de septiembre de 2003, la alguacil González Urbina acudió a la oficina del Juez Vissepó Vázquez a solicitar el expediente de su caso para corregir un error en el epígrafe de la sentencia recién emitida. Al examinar el expediente, previo a entregarlo, el Juez Vissepó Vázquez se percató de que el referido caso estaba asignado a su sala. Sin embargo, en el expediente había una sentencia suscrita por la Jueza Vicenty Nazario, pero identificada con el salón de sesiones 302, de la Jueza Ramos Mercado.

---

acompañada de la prueba documental pertinente en apoyo de su solicitud. Copia de la solicitud y de toda la prueba documental le será remitida al Ministerio Fiscal simultáneamente con su radicación.

Transcurridos 10 días desde la remisión y notificación al Ministerio Fiscal, sin que éste haya formulado objeción alguna, el tribunal entenderá y resolverá los méritos de la petición sin necesidad de celebrar vista de estimarlo procedente y dictará el auto que proceda. El auto en que se autorice el cambio, adición o modificación de nombre o apellido se inscribirá en el antiguo Registro Civil mediante anotación extendida al margen de la inscripción de nacimiento del interesado y al margen de la partida de su matrimonio. El cambio, adición o modificación de nombre o apellido se verificará en el Registro General Demográfico tachando en el certificado de nacimiento y en la certificación de la celebración del matrimonio del interesado el nombre o apellido sustituido y consignando el nuevo nombre o apellido autorizado por el tribunal. Las tachaduras se harán de modo que siembre pueda leerse el nombre o apellido suprimido.

Para indagar sobre la anomalía, el juez Vissepó Vázquez se comunicó con personal administrativo del tribunal quienes le explicaron que se había enviado el expediente a su oficina porque era extraño "que un caso asignado a su salón de sesiones tuviese una sentencia suscrita por la Jueza Vicenty Nazario y estuviese identificado con el número del salón de sesiones de la Juez Ramos Mercado". Informe de la Comisión, en la pág. 34. En esa ocasión, además, el juez Vissepo Vázquez advino en conocimiento de que la alguacil González Urbina "no residía en Carolina, según indicó en la petición, sino en Río Grande". *Id.*

Eventualmente, y tras conversar con las Juezas Ramos Mercado y Vicenty Nazario, el Juez Vissepó Vázquez dejó sin efecto la sentencia.

Con estos hechos, la OAT plantea que la Jueza Vicenty Nazario violó varias disposiciones éticas. Los cargos específicos que le fueron imputados incluidos entre otros cargos desvinculados de este asunto, son los siguientes:

### SEXTO CARGO

La Jueza Mirinda Vicenty Nazario incurrió en conducta impropia y contraria al **Canon II** de los de Ética Judicial de Puerto Rico que le impone a los miembros de la judicatura [...] actuar con prudencia, serenidad e imparcialidad y asumir con mucho cuidado la interpretación de la ley.

La Jueza Mirinda Vicenty Nazario no actuó [conforme al Canon II] al violar los procedimientos establecidos por las normas de

funcionamiento de la secretaría al solicitar el expediente del caso *Ex Parte Madeline González Urbina*, FJV 2003-1156, asignado a la sala de otro compañero juez y sin notificación de clase alguna resolver en sus meritos [sic] el caso, sin solicitar a tenor con la ley y el derecho la posición del Estado sobre el recurso presentado en el Tribunal. […].

### SÉPTIMO CARGO

La Jueza Mirinda Vicenty Nazario incurrió en conducta impropia contraria al **Canon IV** de los Cánones de Ética Judicial al actuar fuera del marco de respeto mutuo, cordialidad y colaboración profesional entre los compañeros jueces y juezas.

La Jueza Mirinda Vicenty Nazario incumplió dichos preceptos cuando solicitó y resolvió un caso asignado a la sala del compañero Juez Rafael Vissepó Vázquez sin solicitar previamente su autorización y mucho menos notificárselo. Se trata del caso *Ex Parte Madeline González Urbina*, FJV 2003-0311156 [sic]. […].

### OCTAVO CARGO

La Jueza Mirinda Vicenty Nazario incurrió en conducta impropia contraria al **Canon V** de los Cánones de Ética Judicial que le impone a los Jueces y a las Juezas de la Rama Judicial el deber de cumplir cuidadosa y diligentemente las obligaciones administrativas que le imponen las leyes y reglamentos aplicables a la Rama Judicial y las instrucciones de la Oficina de la Administración de los Tribunales.

[…]. La Jueza Superior Hon. Mirinda Vicenty Nazario incurrió en conducta impropia en violación de la **Regla 16 de las Reglas de Administración** que requiere [referir a la Jueza Administradora Regional] los casos donde empleados, funcionarios o jueces sean parte. […].

En este caso la Jueza Vicenty Nazario adjudicó y resolvió en 24 horas un caso cuyo expediente estaba asignado a la sala del Juez Superior Hon. Rafael Vissepó Vázquez sin seguir los canales, ni informar de dicha situación a la Jueza Administradora Regional,

Hon. Lirio Bernal Sánchez, incumpliendo así con la Regla 16 de las de Administración, con el agravante [de] que la promovente del caso era una funcionaria judicial no residente en la jurisdicción de Carolina.

[…].

### NOVENO CARGO

La Jueza Mirinda Vicenty Nazario incurrió en conducta impropia contraria a los **Cánones XXI y XXVI** de los de Ética Judicial que exige que todos, Jueces y Juezas, no utilicen su poder ni el prestigio de su cargo para beneficio personal o [el] de otras personas. De igual manera los jueces deben [ser] conscientes de su posición y de la trascendencia de su misión ya que deben velar siempre por que sus actuaciones respondan a las normas de conducta que honren la integridad y honor tradicional de la Rama Judicial.

Como puede apreciarse, los Cánones invocados de los de Ética Judicial de 1977, cuerpo ético vigente al momento de los hechos, son los cánones II, IV, V, XXI y XXVI. Éstos disponen, en parte y respectivamente, que los jueces deben resolver sus controversias a base de su propia evaluación de la prueba presentada; que deben colaborar y ser cordiales con sus compañeros de trabajo; que deben cumplir con sus obligaciones administrativas; que no deben usar su poder o el prestigio de su cargo para promover el éxito de negocios privados o para su propio beneficio; y que deben observar fielmente el contenido de los cánones, los cuales, como normas mínimas de conducta, no excluyen otras normas que también obligan a los jueces. 4 L.P.R.A. Ap. IV – A., C. II, IV, V, XXI y XXVI.

II.

En *In re, González y Pagán Pagán*, res. 20 de junio de 2005, 2005 TSPR 87, 164 D.P.R. __ (2005), sancionamos a una jueza por haber ordenado la cancelación de unas multas por violaciones a las leyes de tránsito sin citar al funcionario del orden público que las expidió, sin citar a una vista probatoria a las partes y sin que la parte promovente adujera fundamentos para la impugnación. Como agravante, la parte peticionaria era la compañera jueza de oficina de quien adjudicó el recurso. Se trataba, pues, de un proceso judicial en el que había intereses adversos, y que por tal razón, estaba implicado el deber del juez de escuchar a las partes involucradas.

En el presente caso se imputa a la Jueza Vicenty Nazario dar trato preferencial al manejo de un caso *ex parte* de una alguacil que laboraba en el mismo centro judicial que la jueza, cuando el caso estaba asignado a la oficina de otro compañero juez. La jueza dispuso del caso sin notificarlo oportunamente al juez a quien originalmente se le asignó. La Ética y nuestros cánones no toleran esa conducta.

Los Cánones de Ética Judicial como expresión normativa del juez ideal expresan en varias disposiciones el deber de evitar dar trato preferencial a una parte. Véanse Cánones XI, XII, XIII, XIV y XV, 4 L.P.R.A., Ap. IV-A C. X, XII, XIII, XIV y XV. Ese deber no se limita a procesos judiciales de carácter adversativo. Incluye

también procesos *ex parte*, pues, los cánones, además de garantizar la imparcialidad de los jueces en el contexto de procesos adversativos, procuran también promover la imagen de imparcialidad de la judicatura ante la ciudadanía en general. Poco sirve a esos propósitos que los jueces traten de modo preferencial al personal de la Rama Judicial en los procesos judiciales en que éstos son parte, independientemente de que el proceso judicial sea o no adversativo, si al hacerlo recurren a prácticas que se apartan de los procesos ordinarios de los tribunales. Ante los ojos públicos tal proceder sería visto como una componenda.

En cuanto a estos cargos resolvemos, contrario al criterio de la Comisión de Disciplina Judicial, que fue éticamente impropio que la Jueza Vicenty Nazario interviniera en el proceso judicial en el que la alguacil González Urbina era parte cuando dicho caso estaba asignado a otra sala. Su intervención, luego de que la parte promovente le comunicara directamente los pormenores de su petición al margen de los procesos ordinarios de los tribunales, fue contraria al ordenamiento que rige en el ámbito de la ética judicial. Agrava la situación el hecho de que la querellada no ejerció el rigor judicial requerido, pues finalmente se comprobó que la peticionaria había provisto información incorrecta. A nuestro juicio ese proceder está reñido con

los cánones II, IV, V, XXI y XXVI de los de Ética Judicial.

Al respecto, nos reafirmamos en nuestras expresiones en *In re Suárez Marchán*, res. 30 de junio de 2003; 2003 TSPR 115; 159 DPR ___ (2003):

> Los magistrados y magistradas se convierten en depositarios de la confianza del Pueblo en que la administración de la justicia se llevará a cabo por personas de una conducta intachable. [...] Esta confianza los obliga a ser cautelosos en las actuaciones y en las impresiones que puedan dar a terceras personas sobre su rectitud e imparcialidad.

### III.

Por los fundamentos antes expuestos, resolvemos que, al intervenir en el proceso judicial *Ex Parte Madeline González Urbina, supra,* la Jueza Mirinda Vicenty Nazario violó los Cánones de Ética Judicial números II, IV, V, XXI y XXVI.

Aun cuando, de ordinario, dicha conducta amerita <u>al menos</u> una censura enérgica, en el presente caso consideramos como atenuantes el hecho de que la Jueza querellada ha permanecido suspendida del ejercicio de funciones judiciales durante más de dos años y que el perjuicio causado por su intervención en el caso *Ex Parte Madeline González Urbina, supra,* fue oportunamente subsanado. Por tal razón, limitamos nuestra sanción, en esta ocasión y por las razones antes expresadas, a una amonestación.

Se emitirá la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Hon. Mirinda Vicenty Nazario
Jueza Superior

AD-2004—3(C) II    Conducta
Profesional

SENTENCIA

San Juan, Puerto Rico, a 16 de octubre de 2006.

Por los fundamentos antes expuestos, resolvemos que, al intervenir en el proceso judicial *Ex Parte Madeline González Urbina, supra*, la Jueza Mirinda Vicenty Nazario violó los Cánones de Ética Judicial números II, IV, V, XXI y XXVI.

En vista de que la Jueza querellada ha permanecido suspendida del ejercicio de sus funciones judiciales durante más de dos años y que el perjuicio causado por su intervención en el referido caso fue oportunamente subsanado, limitamos la sanción a una amonestación.

Todos los Jueces que intervienen lo hacen por la Regla de Necesidad.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Rodríguez Rodríguez, inhibida.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo